UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD PERCY BOONE, JR.,

      Plaintiff,

      v.

PETER J. POST,

      Defendant.
_____

**DECISION AND ORDER**

1:18-CV-01115 EAW

## INTRODUCTION

*Pro se* plaintiff Ronald Percy Boone, Jr. ("Plaintiff") was permitted by the Court to proceed to service on claims that defendant Peter J. Post ("Defendant") had engaged in an unlawful traffic stop of Plaintiff and had subsequently unlawfully arrested Plaintiff and searched and seized his vehicle. (Dkt. 1; Dkt. 3). Currently pending before the Court is a motion for summary judgment by Defendant, to which Plaintiff has filed no opposition. For the reasons set forth below, Defendant's motion for summary judgment is granted in its entirety.

## FACTUAL BACKGROUND

Plaintiff failed to file a response to Defendant's Statement of Undisputed Facts (Dkt. 13-3), which was submitted in accordance with Local Rule of Civil Procedure 56. Plaintiff was warned by the Court that if he failed to file the required response, "all material facts set forth in Defendant's statement of material facts not in dispute will be deemed admitted." (Dkt. 14 at 2). Accordingly, the Court treats the material facts set forth in Defendant's

- 1 -

Statement of Undisputed Facts (Dkt. 13-3) as true to the extent they are supported by the evidence of record. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). The Court specifically notes that Defendant has submitted, and the Court has reviewed, a copy of the video footage of the challenged traffic stop from his body-worn camera.

On September 21, 2018, Defendant was working as a police officer on road patrol in the Village of Warsaw, New York. (Dkt. 13-3 at ¶ 1). At approximately 10:20 p.m., he observed a 1996 Dodge with New York license plate number JAK4914 operating westbound on West Buffalo Street, in the Village of Warsaw. (*Id*. at ¶ 2). The vehicle was unusually loud, which Defendant believed to be due to a defective muffler. (Dkt. 13-4 at ¶ 5). Using the mobile data terminal in his patrol vehicle, Defendant ran a check on the vehicle registration with the Department of Motor Vehicles, the result of which indicated that the vehicle's inspection had expired in May 2017, more than a year earlier. (Dkt. 13-3 at ¶¶ 3-4). Defendant accordingly determined that the vehicle was not in compliance with the New York Vehicle and Traffic Law ("V&T Law"), engaged the emergency lights on his patrol vehicle, and performed a traffic stop. (*Id*. at ¶ 5).

Defendant was alone when he stopped the vehicle and he did not have his gun drawn when he approached Plaintiff, the operator thereof. (Dkt. 13-4 at ¶ 7). Plaintiff presented Defendant with a restricted license that allowed him to drive only to and from work. (Dkt. 13-3 at ¶ 7). Plaintiff advised Defendant that he was driving to his home in Buffalo, New York, from New York City[1]. (*Id*. at ¶ 8). Plaintiff further indicated that he had created the

---

[1]   The body-worn camera footage shows that Plaintiff claimed to have been returning to his home in Buffalo from Manhattan, where he claimed he had been providing security

- 2 -

inspection sticker on the vehicle by taking a picture of an inspection sticker, printing a copy, and placing it on the vehicle's windshield. (*Id.* at ¶ 9).

Based on the information he had gathered, Defendant decided to arrest Plaintiff for the following offenses: the misdemeanor offense of displaying a forged certificate of inspection; no valid inspection sticker; operating a vehicle in violation of license restrictions; and a vehicle equipment violation. (*Id.*). After he was arrested and handcuffed, Plaintiff advised Defendant that he had important papers in the vehicle that he wanted Defendant to see, and that they were located in the front seat in a book bag. (Dkt. 13-4 at ¶ 10). Plaintiff directed Defendant to a yellow manila envelope, which Defendant removed from the book bag. (*Id.*). The documents therein, which Plaintiff told Defendant he could retain for the record, indicated that Plaintiff claimed sovereign citizen status. (*Id.*).

Defendant transported Plaintiff to the Warsaw Town Court for arraignment, where the judge ordered Plaintiff held on bail, and then to the Wyoming County Jail. (*Id.* at ¶ 9). Defendant left Plaintiff's vehicle on West Buffalo Street, with another officer waiting for a tow truck to arrive. (*Id.*).

The charges arising out the challenged traffic stop and arrest were resolved by Plaintiff's plea of guilty to a violation of the V&T Law, as well as to a parking violation. (*Id.* at ¶ 18 and Ex. F).

---

to an unnamed client. However, in his complaint, Plaintiff indicated that he lives on Staten Island and was traveling to Buffalo "to take cancer exams at Roswell Park[.]" (Dkt. 1 at 8).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on October 11, 2018. (Dkt. 1). On December 9, 2019, the Court entered a Decision and Order granting Plaintiff leave to proceed *in forma pauperis* and screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. 3). The Court permitted Plaintiff's claims for an unlawful traffic stop, false arrest, and unlawful search and seizure of Plaintiff's vehicle to proceed to service as to Defendant. (*Id.*). Defendant filed an answer to the complaint on February 26, 2020. (Dkt. 7).

Defendant filed the instant motion for summary judgment on May 19, 2020. (Dkt. 13). The Court entered a Scheduling Order setting a response deadline of June 25, 2020, and advising Plaintiff, among other things, that if he failed to file a response to the motion, judgment could be entered in Defendant's favor without a trial. (Dkt. 14). Plaintiff did not file a response to the motion for summary judgment, nor did he make any other filings.

## DISCUSSION

### I. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, Defendant has moved for summary judgment before any discovery has been conducted. While the Court exercises additional caution in considering a motion for summary judgment made before discovery has been taken, the Court may grant such a motion in appropriate circumstances. *See Morales v. Fischer*, 46 F. Supp. 3d 239, 246 (W.D.N.Y. 2014) (collecting cases).

**II.     Summary Judgment is Warranted as to All of Plaintiff's Claims**

As noted above, Plaintiff was permitted to proceed to service on claims of an unlawful traffic stop, an unlawful arrest, and an unlawful search and seizure of his vehicle. Each of these claims is asserted pursuant to 42 U.S.C. § 1983, which allows for recovery against a defendant who, acting under color of state law, deprives a plaintiff of his rights under the Constitution. Here, the relevant constitutional right is Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. The Court considers the viability of each of Plaintiff's Fourth Amendment claims below.

**A.     Unlawful Traffic Stop Claim**

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). However, "[t]he Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only against *unreasonable* searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.

Here, Defendant had probable cause to believe that a traffic violation—specifically, operation of a motor vehicle without a valid inspection—had occurred at the time he initiated the traffic stop. "[A] police officer can rely on information obtained from a police computer database in order to establish probable cause." *Paige v. New York City Police Dep't,* No. 10-CV-3773 (SLT)(LB), 2017 WL 1214425, at *2 (E.D.N.Y. Mar. 31, 2017)

(finding police officers had probable cause to perform traffic stop where they "received notification from their onboard computer that their patrol vehicle's electronic license plate readers had detected that Plaintiff's 1991 Lincoln Town Car had an expired or suspended registration"), *aff'd sub nom. Paige-El v. Herbert*, 735 F. App'x 753 (2d Cir. 2018).

The evidence before the Court further conclusively demonstrates that Defendant did not unreasonably prolong the traffic stop. *See Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."). Once a lawful traffic stop based on probable cause has occurred, a police officer may make "ordinary inquiries incident to the traffic stop," and "[t]ypically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (alterations omitted). Here, while performing such ordinary inquiries, Defendant discovered that Plaintiff was operating a vehicle with a forged inspection sticker. Defendant thus had probable cause to believe Plaintiff had committed a criminal offense. *See Lawrence v. City Cadillac*, No. 10 CIV. 3324 PKC, 2010 WL 5174209, at *7 (S.D.N.Y. Dec. 9, 2010) (finding the plaintiff's possession of an improper registration at the time of his traffic stop to be "sufficient probable cause to prosecute plaintiff for criminal possession of a forged instrument in the third degree"); *Jenks v. State*, 213 A.D.2d 513, 514 (2d Dep't 1995) ("[T]he evidence presented at the trial in the present cases establishes that the motor vehicle inspection stickers that were removed from the claimants' automobiles were forged.

Therefore, there was probable cause to arrest each claimant for criminal possession of a forged instrument in the third degree[.]"); *see also* New York Vehicle and Traffic Law § 306(e) ("Any person who shall make, issue or knowingly use any imitation or counterfeit of an official certificate of inspection, or who shall possess or display or cause or permit to be displayed upon any motor vehicle any certificate of inspection knowing the same to be fictitious or issued without an inspection or required repairs having been made, or, who unlawfully mutilates a valid certificate of inspection or rejection, or who shall knowingly issue, obtain or present a false statement in connection with a waiver authorized by this article, or who unlawfully removes such a certificate from a motor vehicle, shall be guilty of a misdemeanor."). Defendant was legally justified in continuing to detain Plaintiff based on this probable cause. *See United States v. Santillan*, 902 F.3d 49, 56 (2d Cir. 2018) (explaining that police officer may extend traffic stop where he develops reasonable suspicion of criminal activity). No reasonable jury could find to the contrary.

### B. False Arrest Claim

"False arrest (or false imprisonment) in a § 1983 civil rights action has the same elements as [a] state common law false arrest claim. Those elements are the defendant intended to confine plaintiff; plaintiff was conscious of the confinement and did not consent to the confinement; and the confinement was not otherwise privileged." *Romanac v. Town of Cheektowaga*, No. 17-CV-334S, 2021 WL 409859, at *8 (W.D.N.Y. Feb. 5, 2021) (citations omitted). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause," *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), because an arrest based on probable cause is privileged.

- 8 -

As noted above, Defendant had probable cause to believe that Plaintiff had committed a misdemeanor offense by displaying a forged inspection sticker. He thus had probable cause to arrest Plaintiff. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth and Fourteenth Amendments, arrest the offender.").

Further, "a conviction based on a voluntary plea of guilty—even to a lesser charge, as in the instant case—establishes probable cause, thereby precluding a subsequent claim of false arrest and false imprisonment." *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 376 (E.D.N.Y. 2013); *see also Timmins v. Toto*, 91 F. App'x 165, 166-67 (2d Cir. 2004) ("An officer who arrests with probable cause cannot be liable for false arrest, and, by pleading guilty to the stipulated but lesser offense, [the plaintiff] conceded that [the defendant officer] had probable cause for all charges covered by the plea agreement."). Here, Plaintiff pleaded guilty to a violation of the V&T Law in order to resolve the charges arising out of the challenged arrest, and there is no evidence in the record before the Court to call into question the validity of that plea. On the record before the Court, a reasonable jury would necessarily find for Defendant on Plaintiff's claim of false arrest.

C. **Unreasonable Search and Seizure of Vehicle Claim**

Finally, the Court considers the viability of Plaintiff's claim that Defendant unlawfully searched and seized his vehicle. It is well-established that "[a]n officer is entitled to conduct a search of a vehicle incident to arrest to satisfy both security and evidentiary concerns, whether the suspect was arrested in or next to the vehicle." *Lyman*

*v. City of Albany*, 597 F. Supp. 2d 301, 306 (N.D.N.Y. 2009).  It is further not a Fourth Amendment violation for the police to impound a vehicle without a valid inspection sticker, nor to impound a vehicle that is impeding traffic.  *See Hawthorne by Hawthorne v. Cty. of Putnam*, No. 19-CV-742 (NSR), 2020 WL 5946989, at *9 (S.D.N.Y. Oct. 6, 2020).

Here, the evidence demonstrates that Defendant did not enter or search Plaintiff's vehicle at any point prior to Plaintiff's arrest.  Once Plaintiff was lawfully arrested, it was reasonable as a matter of law for Defendant to arrange for the vehicle to be inventoried and towed.  Accordingly, there can be no constitutional violation associated with any search or seizure of Plaintiff's vehicle.[2]

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment.  (Dkt. 13).  The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[2]   Because the Court has determined that the record conclusively demonstrates that no violation of Plaintiff's rights occurred, the Court need not and does not reach Defendant's alternative argument that he is entitled to qualified immunity.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 15, 2021
       Rochester, New York